1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908)
2  MATTHEW S. KENEFICK (Bar No. 227298)
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California  94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5

   Attorneys for Defendant BANK OF THE WEST
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ADVOCATES ASSISTING DISABLED          CASE NO. 05-CV-1969 JCS
    AMERICANS, and SUSANA CROW,
12                                         **ANSWER TO COMPLAINT**
              Plaintiffs,
13
          v.
14
    BANK OF THE WEST, and DOES 1 to 10,
15
              Defendants.
16                                         Complaint Filed:   April 4, 2005
                                           Trial Date:        None Set
17

18                                         *Superior Court Case No. CV 051472*

19

20        Defendant BANK OF THE WEST ("Defendant") hereby answers the Complaint for

21  Preliminary/Permanent Injunction Relief and Damages, Denial of Civil Rights and Public Facilities

22  to Handicapped Persons, and Health and Safety Code (the "Complaint") filed by Plaintiffs

23  ADVOCATES ASSISTING DISABLED AMERICANS, and SUSANA CROW ("Plaintiffs"), and

24  admits, denies and alleges as follows:

25                              **INTRODUCTION**

26        1.    In answer to the allegations in paragraph 1 of the Complaint, Defendant lacks

27  sufficient information to form a belief as to the truth of the averments and on that basis denies the

28  allegations contained therein.

PRINTED ON

RECYCLED PAPER

398999v1
                                                    ANSWER TO COMPLAINT

1    2.      In answer to the allegations in paragraph 2 of the Complaint, Defendant lacks

2  sufficient information to form a belief as to the truth of the averments and on that basis denies the

3  allegations contained therein.

4    3.      In answer to the allegations in paragraph 3 of the Complaint, Defendant lacks

5  sufficient information to form a belief as to the truth of the averments and on that basis denies the

6  allegations contained therein.

7    4.      In answer to the allegations in paragraph 4 of the Complaint, Defendant admits only

8  that it operates a Bank of the West facility at 494 West Magnolia Avenue, Larkspur, California (the

9  "Bank").  In answer to the remaining allegations in paragraph 4 of the Complaint, Defendant states

10  the averments are conclusions of law, which require no responsive pleading under the Federal Rules

11  of Civil Procedure.

12    5.      In answer to the allegations in paragraph 5 of the Complaint, Defendant lacks

13  sufficient information to form a belief as to the truth of the averments and on that basis denies the

14  allegations contained therein.  Defendant denies any discrimination against persons with disabilities

15  or any one else at the Bank.

16    6.      In answer to the allegations in paragraph 6 of the Complaint, Defendant states the

17  averments are conclusions of law, which require no responsive pleading under the Federal Rules of

18  Civil Procedure.  Defendant denies any discrimination against persons with disabilities or any one

19  else at the Bank.

20    7.      In answer to the allegations in paragraph 7 of the Complaint, Defendant lacks

21  sufficient information to form a belief as to the truth of the averments and on that basis denies the

22  allegations contained therein.

23    8.      In answer to the allegations in paragraph 8 of the Complaint, Defendant states the

24  averments are conclusions of law, which require no responsive pleading under the Federal Rules of

25  Civil Procedure.

26    9.      In answer to the allegations in paragraph 9 of the Complaint, Defendant states the

27  averments are conclusions of law, which require no responsive pleading under the Federal Rules of

28  Civil Procedure.

PRINTED ON

RECYCLED PAPER

398999v1

    ANSWER TO COMPLAINT

10.     In answer to the allegations in paragraph 10 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.

11.     In answer to the allegations in paragraph 11 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.  Defendant denies any discrimination against persons with disabilities or any one else at the Bank.

12.     In answer to the allegations in paragraph 12 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.

## FIRST CAUSE OF ACTION

**DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBIC ACCOMMODATION: INACCESSIBLE PUBLIC FACILITIES**
**(19955 et. seq. Health & Safety Code, 51, et seq. Civil Code)**

13.     In answer to the allegations in paragraph 13 of the Complaint, Defendant incorporates by reference its answer to each and every allegation contained in Paragraphs 1 through 12, inclusive, as though fully set forth herein.

14.     In answer to the allegations in paragraph 14 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.

15.     In answer to the allegations in paragraph 15 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.

16.     In answer to the allegations in paragraph 16 of the Complaint, Defendant states the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

17.     In answer to the allegations in paragraph 17 of the Complaint, Defendant lacks sufficient information to form a belief as to the truth of the averments and on that basis denies the allegations contained therein.  Defendant denies any discrimination against persons with disabilities

1  or any one else at the Bank.

2      18.    In answer to the allegations in paragraph 18 of the Complaint, Defendant lacks

3  sufficient information to form a belief as to the truth of the averments and on that basis denies the

4  allegations contained therein.

5      19.    In answer to the allegations in paragraph 19 of the Complaint, Defendant lacks

6  sufficient information to form a belief as to the truth of the averments and on that basis denies the

7  allegations contained therein.  Defendant denies any discrimination against persons with disabilities

8  or any one else at the Bank.

9                                    **SECOND CAUSE OF ACTION**

10                                     **INJUNCTIVE RELIEF**

11      20.    In answer to the allegations in paragraph 20 of the Complaint, Defendant lacks

12  sufficient information to form a belief as to the truth of the averments and on that basis denies the

13  allegations contained therein.  Defendant denies any discrimination against persons with disabilities

14  or any one else at the Bank.

15      21.    In answer to the allegations in paragraph 21 of the Complaint, Defendant lacks

16  sufficient information to form a belief as to the truth of the averments and on that basis denies the

17  allegations contained therein.

18      22.    In answer to the allegations in paragraph 22 of the Complaint, Defendant lacks

19  sufficient information to form a belief as to the truth of the averments and on that basis denies the

20  allegations contained therein.  Defendant denies any discrimination against persons with disabilities

21  or any one else at the Bank.

22                          **AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF**

23      23.    FOR A FIRST AFFIRMATIVE DEFENSE, Defendant alleges the Complaint as a

24  whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be

25  granted.

26      24.    FOR A SECOND AFFIRMATIVE DEFENSE, Defendant is informed and believes,

27  and based thereon alleges, Plaintiffs' Complaint, or parts thereof, are barred by the applicable

28  statutes of limitations.

PRINTED ON

RECYCLED PAPER

398999v1

                                        - 4 -        ANSWER TO COMPLAINT

1    25.    FOR A THIRD AFFIRMATIVE DEFENSE, although Defendant denies Plaintiffs

2    have been damaged in any way, if it should be determined Plaintiffs have been damaged, then

3    Defendant alleges, based on information and belief, the proximate cause of such damage was the

4    conduct of Plaintiffs or others for which Defendant was not and is not responsible.

5    26.    FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs may not

6    recover punitive damages as a matter of law.

7    27.    FOR A FIFTH AFFIRMATIVE DEFENSE, Defendant is informed and believes,

8    and based thereon alleges, the Bank is reasonably accessible to and usable by individuals with

9    disabilities in accordance with the Americans With Disabilities Act Accessibility Guidelines,

10    Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"),

11    California Health & Safety Code and Title 24, to the maximum extent feasible, and is therefore in

12    compliance with applicable law.

13    28.    FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs' Complaint

14    presents no actual case, controversy, or justifiable issue suitable for determination by this Court.

15    29.    FOR A SEVENTH AFFIRMATIVE DEFENSE, although Defendant denies

16    Plaintiffs have been damaged in any way, if it should be determined Plaintiffs have been damaged,

17    then Defendant alleges, based on information and belief, Plaintiffs have failed to mitigate their

18    purported damages and further allege, to the extent any damages could have been mitigated, such

19    sums should be deducted from any award of damages.

20    30.    FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendant is informed and believes,

21    and based thereon alleges, at all times relevant to the Complaint, Defendant has good faith defenses,

22    based in law and/or fact, which, if successful, would preclude any recovery by Plaintiffs based on

23    the allegations of the Complaint.

24    31.    FOR A NINTH AFFIRMATIVE DEFENSE, Defendant alleges if Plaintiffs are

25    entitled to any damages under the circumstances alleged in the Complaint or in any other respect,

26    which Defendant denies, these injuries and damages were wholly or in part, directly, proximately

27    caused and contributed to by the negligence, carelessness, lack of due care and fault of third parties.

28    In the event Plaintiffs are found to have sustained any injuries and to be entitled to any damages,

PRINTED ON

RECYCLED PAPER

398999v1

- 5 -    ANSWER TO COMPLAINT

1    Defendant is liable only for that portion of any damages which corresponds to its degree of fault or

2    responsibility and is not liable for any damage attributable to the responsibility, negligence or fault

3    of any other party.

4       32.    FOR A TENTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs' recovery

5    in this action is barred because Defendant's alleged acts and/or omissions do not constitute a denial

6    to physically-disabled persons of full and equal access to the Bank.

7       33.    FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs'

8    recovery in this action is barred because Defendant's acts or omissions, as alleged in the Complaint,

9    to the extent it committed any acts or omissions at all, were done in good faith pursuant to

10   reasonable business justifications and do not constitute intentional acts or omissions resulting in any

11   discrimination against disabled persons.

12      34.    FOR A TWELFTH AFFIRMATIVE DEFENSE, Defendant is informed and

13   believes, and based thereon alleges, the Complaint, and the whole thereof, is barred by the doctrine

14   of waiver.

15      35.    FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendant is informed and

16   believes, and based thereon alleges, the Complaint, and the whole thereof, is barred by the doctrine

17   of estoppel.

18      36.    FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Defendant is informed and

19   believes, and based thereon alleges, the Complaint, and the whole thereof, is barred by the doctrine

20   of unclean hands.

21      37.    FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs'

22   recovery in this action is barred because Defendant's conduct was, at all times mentioned in the

23   Complaint, justified and privileged.

24      38.    FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Defendant is informed and

25   believes, and based thereon alleges, the Complaint is barred by the doctrines of laches and

26   acquiescence.

27      39.    FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Defendant is informed and

28   believes, and based thereon alleges, each of Plaintiffs' purported claims for relief against Defendant

PRINTED ON
RECYCLED PAPER

398999v1

- 6 -      ANSWER TO COMPLAINT

1 are frivolous and unsupported.

2   40.   FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, Defendant alleges any further

3 action by Defendant would result in a fundamental alteration of the Bank or is structurally or legally

4 not readily achievable.

5   41.   FOR A NINETEENTH AFFIRMATIVE DEFENSE, Defendant is informed and

6 believes, and based thereon alleges, the Complaint, and each purported claim for relief contained

7 therein, fails as a matter of law because, to the extent Plaintiffs were not provided with equivalent

8 service, access and enjoyment of the Bank, it was because Plaintiffs failed to give Defendant notice

9 of the need for and an opportunity to do so.

10   42.   FOR A TWENTIETH AFFIRMATIVE DEFENSE, Defendant alleges all applicable

11 legal requirements pertaining to access to the Bank by disabled persons have been complied with

12 through all necessary permits obtained from appropriate authorities for construction, alteration or

13 structural modification of the premises and Defendant reasonably relied on those authorities.

14   43.   FOR A TWENTY FIRST AFFIRMATIVE DEFENSE, Defendant alleges the Bank

15 does not violate California Health and Safety Code § 19995, et seq., or any other law, in that a

16 reasonable portion of the facility and accommodations normally sought and used by the public are

17 accessible to and useable by, the persons with disabilities.

18   44.   FOR A TWENTY SECOND AFFIRMATIVE DEFENSE, Defendant alleges each of

19 Plaintiffs' claims for relief are barred because Defendant made and makes reasonable

20 accommodations to the disabled, and Plaintiffs failed to take advantage of the accommodations

21 offered by Defendant.

22   45.   FOR A TWENTY THIRD AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs

23 voluntarily and with knowledge of the matters referred to in the Complaint assumed any and all of

24 the risks, hazards and perils of the conditions referred to therein, and therefore, assumed the risk of

25 any injuries or damages sustained, if any.

26   46.   FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE, Defendant alleges the

27 Complaint fails to state facts that would support an award of damages or attorneys' fees against

28 Defendant.

PRINTED ON

RECYCLED PAPER

398999v1

47.     FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE, Defendant alleges the Plaintiffs' prayer for injunctive relief is barred on the grounds there exists an adequate remedy at law.

48.     FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE, Defendant alleges the Complaint fails to state facts sufficient to entitle Plaintiffs to an award of injunctive relief.

49.     FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs' prayer for injunctive relief is barred on the grounds the alleged harm Plaintiffs seek to enjoin is entirely speculative.

50.     FOR A TWENTY EIGHTH AFFIRMATIVE DEFENSE, Defendant is informed and believes, and based thereon alleges, Plaintiffs cannot establish a cause of action because Plaintiffs are unable to show:  (1) they are qualified individuals with disabilities within the meaning of the law; (2) they were excluded from participation in or denied the benefits of Defendant's services or products, or were otherwise discriminated against by Defendant; and/or (3) any exclusion was by reason of said disability.

51.     FOR A TWENTY NINTH AFFIRMATIVE DEFENSE, Defendant alleges it cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in the Complaint.  Defendant's defenses will depend heavily on Defendant's expert report.  Accordingly, Defendant expressly reserves the right to assert further defenses if, and to the extent such affirmative defenses become applicable.

52.     FOR A THIRTIETH AFFIRMATIVE DEFENSE, Defendant alleges Plaintiffs lack standing.

53.     FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE, Defendant states it is entitled to an award of reasonable attorneys' fees incurred in defending against Plaintiff's Complaint upon judgment thereon in its favor.

WHEREFORE, Defendant prays:

1.  Plaintiffs' Complaint be dismissed;

2.  Plaintiffs take nothing by reason thereof;

3.  Judgment be entered in favor of Defendant;

PRINTED ON

RECYCLED PAPER

398999v1

- 8 -      ANSWER TO COMPLAINT

1      4.   Defendant be awarded attorneys' fees and costs of suit; and

2      5.   For such other and further relief as the Court deems just and proper.

3   DATED:  May 18, 2005                      JEFFER, MANGELS, BUTLER & MARMARO LLP
                                              MARTIN H. ORLICK
4                                             MATTHEW S. KENEFICK

5

6                                             By: _____
                                                       MARTIN H. ORLICK
7                                             Attorneys for Defendant BANK OF THE WEST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER

398999v1